## Heffernan v. Bovard et ux.

*A. K. Hettinger*, for plaintiff.

*Butz, Hudders, Tallman & Rupp*, for defendants.

HENNINGER, P. J., May 23, 1955.—Plaintiff brought an action in assumpsit by summons and simultaneoutly filed a petition to interplead Robert B. Doll, Esq., upon which petition the court entered a summary order joining Robert B. Doll and ordering defendants and Doll to file a complaint within 20 days after service of the order upon them.

Defendants have moved to vacate the order of interpleader because plaintiff is a claimant and not a stakeholder. Robert B. Doll has taken no action in relation to the order of interpleader, although he was served with the petition to interplead and order on March 5, 1955.

The petition to interplead reveals the following allegations: On October 21, 1954, plaintiff entered into a written agreement to sell to defendants for $17,500 a tract of 22 acres of land in Heidelberg Township, Lehigh County, Pa., and that defendants paid $500 and $1,250 to Robert B. Doll as agent and attorney for plaintiff, that the plot shown to defendants when surveyed contained only seven acres, that plaintiff agreed to add other ground to complete a plot of 22 acres but that defendants refused to accept this tract of land and canceled the deal, and that Robert B. Doll refuses to turn over to plaintiff the down money.

Without passing upon the merits of plaintiff's claim against either the Bovards or Doll or both, we are convinced, despite our summary order, that plaintiff has misconceived the proper use of interpleader.

Interpleader lies for the protection of a stakeholder and not to bring the stakeholder upon the record. Pennsylvania Rules of Civil Procedure 2303 provides in part:

"(a) The petition for interpleader shall allege

"(1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff."

It is obvious that the other claimant for the fund in the hands of the agent is the Bovards and that they

cannot be described as "a claimant not a party of record", for they are the very defendants who are being sued.

Plaintiffs are also confronted by Pa. R. C. P. 2302 which provides that the remedy of interpleader lies only at the instance of "the Court of its own motion or upon petition of a defendant". Certainly while the court made the order it did not initiate it and plaintiff is obviously not a "defendant".

Nor does plaintiff get any support from the definition of the word "defendant" in Pa. R. C. P. 2301 which does indeed include a plaintiff, but only under the very special circumstance that the plaintiff who may invoke interpleader must be one "against whom a counterclaim or setoff is asserted". Plaintiff in this case is not faced with any counterclaim or setoff and therefore she is not a person who can invoke the procedures of interpleader.

Under Pa. R. C. P. 129, the chapter heading "Interpleader by Defendants" may not be considered to control the interpleader rules but it may be used in the construction of the rules under that heading. This heading clearly indicates that the rules were intended to protect the pursued and not to add a remedy to the pursuer.

To say that plaintiff may not interplead Doll is not to deprive her of a remedy against the person who is holding money she claims as her own. She could have sued him alone and thereby have compelled him: (1) To meet her claim alone and at his own risk; (2) to have called upon defendants to defend the action against him, or (3) to have himself invoked the right of interpleader to bring defendants and plaintiff at issue with one another.

Furthermore, plaintiff could have brought a joint suit against her agent and the Bovards whose deposit

she claims as hers, under Pa. R. C. P. 2229 (*d*), which reads as follows:

"(d) A person who asserts a cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon, regardless of the capacities in which such persons are respectively liable or whether they are primarily or secondarily liable or whether their liabilities arise from the same or separate acts or undertakings; but where the liability of any defendant is solely joint, the plaintiff shall join all other persons jointly liable with such defendant."

The court could also either on its own motion or on that of plaintiff invoke the authority of Pa. R. C. P. 2232 (*c*) and order the joinder of Doll as a defendant.

Since plaintiff has the right to have Doll joined as a codefendant, it would seem to be out of line with modern procedural liberality to discharge a codefendant who does not object to being joined, merely because plaintiff has used the wrong name for the procedure by which she sought to join codefendant. Of course, it must be conceded that the order on defendants to file a complaint is also improper since interpleader does not lie.

We can cut the Gordian knot by permitting the joinder of Doll to stand, but by amending the order to relieve defendants from the necessity of filing a pleading until plaintiff has filed a complaint with notice to plead.

Now, May 23, 1955, it is ordered and decreed that the order of this court made March 4, 1955, be vacated excepting as it joins Robert B. Doll, Esq., as a codefendant in this action and that the case proceed by the filing of a complaint by plaintiff, either of her own volition or on rule by defendants or any of them.